DOUGLAS FAIRBANKS, Appellant, *v.* HYMAN WINIK and Others, Defendants, Impleaded with TRIANGLE FILM CORPORATION, Respondent.

First Department, November 2, 1923.

Motion pictures — action to restrain defendants from cutting down motion picture films in which plaintiff appeared as leading actor — contract provided for approval and inspection by plaintiff and supervision by particular director — temporary injunction granted.

In an action to restrain the defendants from re-editing and reconstructing motion picture films in which the plaintiff appeared as leading actor, by reducing their length and changing them into shorter pictures and by connecting several pictures into one serial, plaintiff is entitled to a temporary injunction, where it appears that his contract with the producer gave him the right to approve the stories to be filmed and to inspect the completed picture, and provided that the pictures in which he appeared should be directed by a named director and, if said director severed his connection with the producer, the plaintiff would not be obliged to continue his employment; and that the plaintiff acted in several pictures and subsequently those pictures and the rights thereunder were assigned to the defendants who propose to re-edit and reconstruct the films so as to make several films into a serial picture.

APPEAL by the plaintiff, Douglas Fairbanks, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of December, 1922, denying his motion for a temporary injunction, as resettled by an order entered in said clerk's office on the 15th day of January, 1922.

*O'Brien, Malevinsky & Driscoll* [*Joseph Walker Magrauth* of counsel; *M. L. Malevinsky* and *Dennis F. O'Brien* with him on the brief], for the appellant.

*O'Brien, Boardman, Parker & Fox* [*Ernest R. Early* of counsel; *Henry A. Jones* with him on the brief], for the respondent Triangle Film Corporation.

FINCH, J.:

The plaintiff entered into a contract with the Majestic Motion Picture Company under the terms of which he was to render services to said company in the making of motion picture films. It was provided by said contract that the direction of all pictures in the making of which the plaintiff participated should be supervised by David Griffith, the general manager and chief director of said corporation; and that in the event of said Griffith severing his connection with the company or discontinuing the active management of the same, the plaintiff might at his option withdraw from active employment in said corporation. Pursuant to said contract a number of pictures in which the plaintiff acted the chief part were made under the supervision of Mr. Griffith and released. Subsequently Mr. Griffith severed his connection with the Majestic Motion Picture Company, and the plaintiff thereafter declined to continue in the employment of said company. The rights and assets of the Majestic Company were acquired by the Triangle Film Corporation, and the latter assigned to the defendant Hyman Winik the alleged right to re-edit and reconstruct the pictures in which the plaintiff had appeared. Winik caused the defendant Leader Film Corporation to be organized, and assigned to it the rights which he had obtained from the Triangle Film Corporation. The defendant Leader Film Corporation has published its intention of re-editing and reconstructing said films " by reducing their length and changing them into shorter pictures of two reels each and with a connection or sequence, if possible, between each of the pictures, so as to constitute a more or less continuous serial picture made up of separate pictures of two reels each. Deponent expected to accomplish this by cutting certain scenes in the Fairbanks negatives and changing the order in which the scenes were shown on the screen." The plaintiff contends that the pictures made under the contract above referred to were each composed of five or more reels, and alleges that their production in the form proposed by the defendant will be detrimental to plaintiff's standing in his profession, in that he has never appeared in a two-reel picture, but has appeared only in feature pictures of five or more reels; also that said acts would be violative of plaintiff's property rights in

the picture as originally produced, and of his rights under his contract with the Majestic Corporation, in so far as said contract provided for the supervision of direction by Mr. Griffith.

It is clear that the plaintiff at all times considered the supervision of Mr. Griffith a very important factor in his work, and that his contract with the Majestic Corporation was originally conditioned upon his having the benefit of such supervision. In view of the contractual obligation concerning the supervision of direction by Mr. Griffith, the approval of the stories to be filmed and the right to inspection of the completed photoplay by the plaintiff, there is sufficient shown to restrain the threatened action of cutting down the four- and five-reel plays into two-reel plays, and to hold the rights of the parties in *statu quo* until evidence at the trial can resolve more fully the respective rights of the parties. The matter is obviously important to both sides, and confidence that full justice is being meted out cannot be had until the complete record is made upon a trial.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted upon the giving of an appropriate bond.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted upon giving of an appropriate bond. Settle order on notice.